FILED
December 02, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003115133

EDDIE R. JIMENEZ (CA SBN 231239)
MATTHEW R. CLARK (CA SBN 271054)
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE STRUCTURED ASSET INVESTMENT LOAN TRUST, 2006-1

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>JAMES B. GEORGE,<br><br>Debtor(s). | Case No. 10-42673<br><br>Chapter 7<br><br>D.C. No. PD-1<br><br>DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY<br>(11 U.S.C. § 362 and Bankruptcy Rule 4001) |
| US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE STRUCTURED ASSET INVESTMENT LOAN TRUST, 2006-1,<br><br>Movant,<br><br>vs.<br><br>JAMES B. GEORGE, Debtor(s); JOHN W. REGER, Chapter 7 Trustee,<br><br>Respondents. | LBR 4001-1 and 9014-1(f)(1)<br><br>DATE: January 13, 2011<br>TIME: 9:30 a.m.<br>CTRM: 33<br><br>501 "I" Street<br>Sacramento, CA 95814 |

I, Teresa Diaz-Cochran, declare:

1) I am employed as a bankruptcy analyst by Wells Fargo Bank, N.A. doing business as America's Servicing Company. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding US Bank National Association, as Trustee for the Structured Asset

- 1 -

1  Investment Loan Trust, 2006-1's ("Movant") interest in the real property that is the subject of this Motion.

2)  I am employed by Wells Fargo Bank, N.A. doing business as America's Servicing Company, the authorized loan servicing agent for Movant and I am duly authorized to make this declaration on behalf of Movant.

3)  I am familiar with the manner and procedures by which America's Servicing Company's business records are obtained, prepared, and maintained. Those records are obtained, prepared, and maintained by America's Servicing Company's employees or agents in the performance of their regular business duties at or near the time, and conditions, and/or events recorded thereon. The records are made either by persons with knowledge of the matters they record or from information obtained by persons with such knowledge. I have knowledge and/or access to America's Servicing Company's business records regarding the Note and Deed of Trust that are the subject of this action and have personally reviewed these business records prior to executing this declaration.

4)  On or about October 17, 2005, Debtor, for valuable consideration, made, executed and delivered to BNC Mortgage, Inc. ("Lender") a Note in the principal sum of $280,250.00 (the "Note"). Pursuant to the Note, Debtor is obligated to make monthly principal and interest payments commencing December 1, 2005, and continuing until November 1, 2035, when all outstanding amounts are due and payable. The Note provides that, in the event of default, the holder of the Note has the option of declaring all unpaid sums immediately due and payable. A copy of the Note is attached to the concurrently served and filed Exhibits to the Declaration in Support of Motion for Relief From Automatic Stay ("Exhibits") as exhibit A and incorporated herein by reference.

5)  Movant qualifies as the Note Holder and is entitled to payments under the Note.

6)  On or about October 17, 2005, the Debtor made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in real property commonly described as 351 Clark Creek Road, Lewiston, California 96052 (the "Real Property"), which is more fully described in the Deed of Trust. The Deed of Trust provides that attorneys' fees and costs incurred as a result of the Debtor's bankruptcy case may be included in the outstanding balance

1  under the Note. The Deed of Trust was recorded on November 2, 2005, in the Official Records of
2  Trinity County, State of California. A copy of the Deed of Trust is attached to the Exhibits as
3  exhibit B and incorporated herein by reference.

4      7)    Subsequently, Lender's beneficial interest in the Deed of Trust was assigned and
5  transferred to Movant. A copy of the Corporation Assignment of Deed of Trust evidencing the
6  Assignment of the Deed of Trust to Movant is attached to the Exhibits as exhibit C and incorporated
7  herein by reference.

8      8)    As the loan servicer, America's Servicing Company acts as an agent for Movant and
9  is responsible for the administration of the loan until the loan is paid in full, assigned to another
10 creditor, or the servicing rights are transferred. Administering the loan includes sending monthly
11 payment statements, collecting monthly payments, maintaining records of payments and balances,
12 collecting and paying taxes and insurance (and managing escrow and impound funds), remitting
13 monies tendered under the Note to Movant, following up on loan delinquencies, home loan
14 workouts and home retention programs, and other general customer service functions. Further, in the
15 event of a default under the terms of the Note or Deed of Trust, America's Servicing Company is
16 authorized by Movant under the terms of the loan servicing agreement to enforce the terms of the
17 Deed of Trust.

18     9)    The obligation under the Note is in default as of November 1, 2009, for failure to
19 make payments to Movant. As of November 17, 2010, the total obligation due and owing under the
20 Note is in the approximate amount of $301,763.65, representing the principal balance of
21 $269,927.42, interest in the sum of $22,114.62, escrow advances in the amount of $6,272.75, late
22 charge in the amount of $965.80, other fees of $70.00, recoverable balance of $2,413.06. This is an
23 approximate amount for purposes of this Motion only, and should not be relied upon as such to pay
24 off the subject loan as interest and additional advances may come due subsequent to the filing of the
25 Motion. An exact payoff amount can be obtained by contacting Movant's counsel. Further, Movant
26 has incurred additional post-petition attorneys' fees and costs in bringing the instant Motion.
27 Moreover, the total arrears under the Note are in the approximate sum of $33,360.51, excluding the
28

post-petition attorneys' fees and costs incurred in filing the instant Motion.

10) As a result of the default under the Note, a Notice of Default was recorded on April 6, 2010. Further, a Notice of Sale was recorded on July 8, 2010, and the foreclosure sale is scheduled for December 2, 2010.

11) I am informed and believe that, based on the Debtor's bankruptcy Schedules and Statements, the fair market value of the Property is approximately $220,000.00. True and correct copies of the Debtor's bankruptcy Schedules "A" and "D" are collectively attached to the Exhibits as exhibit D and incorporated herein by reference.

12) Based on the above, Movant maintains that the equity in the Property is as follows:

| | |
|---|---:|
| Fair Market Value: | $220,000.00 |
| Less: | |
|   Movant's Trust Deed | $301,763.65 |
|   Internal Revenue Services Tax Lien | $8,549.90 |
|   Internal Revenue Services Tax Lien | $385.04 |
|   Costs of Sale (8%) | $17,600.00 |
| Equity in the Property: | $<108,298.59> |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this __29__ day of __11__, 2010, at Fort Mill, South Carolina.

_____
Teresa Diaz-Cochran
Bankruptcy Analyst